| Case No. | CV 19-10631-DMG (ASx) | Date | March 11, 2020 |
|---|---|---|---|
| Title | *Liliana Vallejo, et al. v. General Motors, LLC, et al.* | Page | 1 of 5 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFFS' MOTION TO REMAND [13]**

This matter is before the Court on the Motion to Remand ("MTR") filed by Plaintiffs Liliana Vallejo and Carlos Cervantes. For the reasons set forth below, the MTR is **GRANTED**.

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs allege that they purchased a vehicle from Defendants General Motors, LLC ("GM") and Santa Paula Chevrolet in June 2018 which turned out to be defective. First Amended Complaint ("FAC") [Doc. # 9]. Plaintiffs filed the instant action in state court against Defendants in November 2019 to recover for the harm caused by those defects. Complaint [Doc. # 1-2]. Plaintiffs initially alleged the following causes of action against GM for: (1) violations of the federal Magnuson-Moss Act; (2) violations of California Civil Code section 1793.2(A)(3), (B), and (D); (3) breach of express warranty; and (4) breach of the implied warranty or merchantability. *Id.* GM removed this action to this Court on December 16, 2019. Notice of Removal [Doc. # 1].

Shortly thereafter, Plaintiffs amended their Complaint to exclude the Magnuson-Moss Act claim and include Santa Paula Chevrolet as a Defendant. *See* FAC. Plaintiffs then filed the instant MTR on January 21, 2020. [Doc. # 13.]

**II.**
**DISCUSSION**

GM contends that the Court has both federal question and diversity jurisdiction over this action. Notice of Removal at 3-5. Plaintiff argues that the Court must remand the case to Los Angeles County Superior Court because it has neither. The Court discusses each jurisdictional theory in turn.

**A.     The Court Lacks Diversity Jurisdiction Over this Action**

Federal courts have removal jurisdiction over any case that could have originally been filed in federal court. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). Diversity jurisdiction exists when at least $75,000 is in controversy and the plaintiffs are of diverse citizenship from the defendants. 28 U.S.C. § 1332. Plaintiffs argue that, at the time of removal, the Court lacked diversity jurisdiction over this action because GM did not meet its burden in showing that more than $75,000 was in controversy.[1] MTR at 2; *see Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) (removal based on diversity jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected.").

There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted). The party "seeking removal has the burden to establish that removal is proper" and the "burden of establishing federal subject matter jurisdiction." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (internal citations omitted); *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).

If, for amount in controversy purposes, "it is *unclear* what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction." *Gaus*, 980 F.2d at 566-67 (emphasis in original). In cases where a complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing by a preponderance of the evidence that it is "more likely than not" that the amount

---

[1] The Court acknowledges that Plaintiffs filed their FAC after GM removed the action to this Court. The fact that Plaintiffs filed the FAC in federal court, however, does not appear to affect their ability to challenge removal jurisdiction. *See SWC Inc. v. Elite Promo Inc.*, 234 F. Supp. 3d 1018, 1023 (N.D. Cal. 2017) (citing cases that conclude that plaintiffs do not waive their right to challenge removal by filing an amended complaint as a matter of course). Indeed, most courts hold that plaintiffs only waive their right to seek remand when they take far more substantive, affirmative litigation actions in federal court after removal. *See, e.g., Johnson v. Odeco Oil & Gas Co.*, 864 F.2d 40, 42 (5th Cir. 1989) (plaintiff moved for remand after conducting considerable discovery and litigating summary judgment motion); *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 905 (6th Cir. 1988) (plaintiff entered into stipulations, filed discovery requests, and filed a second federal lawsuit (as well as seeking leave to amend the complaint) before filing motion for remand). Because Plaintiffs assert (and Defendants do not dispute) that they filed their FAC as a matter of right, and because Defendants do not argue that Plaintiffs have waived their right to challenge removal jurisdiction by filing the FAC, the Court concludes that Plaintiffs have not waived that right.

in controversy is greater than $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007). The jurisdictional minimum "may be satisfied by claims for special and general damages, attorneys' fees and punitive damages." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

Here, the Complaint does not make clear what amount of damages Plaintiffs seek. Plaintiffs allege only that they suffered "damages in a sum to be proven at trial in an amount not less than $25,001.00" and that they seek various types of damages and penalties. Compl. at ¶ 12, Prayer for Relief.[2] But, as GM's Notice of Removal acknowledges, this allegation appears to exist only to clarify that Plaintiffs' case qualifies as an unlimited civil case under California Code of Civil Procedure sections 85-89. Notice of Removal at ¶ 9(a). Neither the Complaint nor GM's Notice of Removal contains any more detailed breakdown of the value of each individual type of relief Plaintiffs seek. Instead, the Notice of Removal merely concludes that "[t]he amount in controversy also exceeds $75,000, based upon the allegations and Prayer for Relief in the Complaint." *Id.* at ¶ 9. Such conclusions are inadequate, however, to establish federal jurisdiction. *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997) (removal "cannot be based simply upon conclusory allegations" when the complaint does not specify the amount of damages).

Rather than provide any evidence of Plaintiffs' potential recovery in connection with its Opposition, Defendants: (1) argue that the amount in controversy exceeds $75,000 by adding Plaintiffs' allegation that they suffered at least $25,001 in damages to their request for civil penalties, which can reach up to twice a plaintiff's actual damages;[3] and (2) assert that Plaintiffs' also seek attorneys' fees. Opp. at 4-7 [Doc. # 17]. Neither of these contentions is adequate to the task.

First, it is not clear whether Plaintiffs' allegation that they seek more than $25,001 in "damages" means that they seek more than $25,001 in *actual* damages alone or whether it means that the total of all their requested relief exceeds $25,001. Plaintiffs argue in their Reply that they intended paragraph 12 to refer to their "*total* damages, which includes both actual damages and civil penalties." Reply at 8. [Doc. # 18]. Indeed, while paragraph 12 refers to "damages" without any qualifier, the very next paragraph states that Plaintiffs seek a civil penalty "of two times Plaintiffs' *actual* damages." Compl. at ¶ 13 (emphasis added). Plaintiffs make similar distinctions

---

[2] Plaintiffs' FAC also contains this allegation. FAC at ¶ 13.

[3] Defendants contend that the civil penalties reach or exceed $50,002 if Plaintiffs' actual damages are at least $25,001. Added together, those amounts surpass the $75,000 threshold.

between types of recoveries in paragraphs 14, 20, 23, 27, and 41, and in their Prayer for Relief. *See* Compl. Comparing the general reference to "damages" in paragraph 12 with the more specific descriptions of damages throughout the rest of the Complaint shows that paragraph 12 likely used "damages" to describe the total recovery sought in the case. This reading is made more likely by the fact that Plaintiffs included paragraph 12 to ensure that the amount in controversy classified the case as an unlimited civil case in state court. The California Code of Civil Procedure defines "amount in controversy" to mean "the amount of the demand, or the recovery sought . . . that is in controversy in the action." Cal. Civ. Proc. Code § 85(a).

To the extent that Plaintiffs' potentially inconsistent descriptions of the types of recovery they seek create doubts or ambiguities about whether paragraph 12 refers to actual damages or total recovery, the Court must resolve that doubt in favor of remand. *Gaus*, 980 F.2d at 566. For purposes of this motion, therefore, the Court construes paragraph 12 of Plaintiffs' Complaint to encompass all of their requested recovery, not just the actual damages that they seek. Accordingly, that allegation does not demonstrate that more than $75,000 is in controversy, even when coupled with Plaintiffs' request for a civil penalty.

Defendants' contention that Plaintiffs' attorneys' fees will satisfy the amount in controversy requirement is also too conclusory to pass muster. Removing defendants may include potential future attorneys' fees in the amount in controversy calculation, but they must establish the amount of those fees by a preponderance of the evidence. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 795 (9th Cir. 2018). Here, Defendants have produced no evidence whatsoever—either in the Notice of Removal or opposition to the MTR—of Plaintiffs' future attorneys' fees. In the absence of any such evidence, the Court cannot simply assume that Plaintiffs' fees will be sufficient to cross the jurisdictional threshold.

Accordingly, because Defendants have not met their burden of showing that Plaintiffs' claims place at least $75,000 in controversy, the Court lacks diversity jurisdiction over the action.

**B.     The Court Lacks Federal Question Jurisdiction Over this Action**

Defendants also contend that the Court has removal jurisdiction over this case because Plaintiffs' Complaint included a claim under the federal Magnuson-Moss Act. Opp. at 9-10. The FAC, however, contains no such claim—it states only claims under California law. *See* FAC. While federal courts look down upon forum shopping, the Ninth Circuit permits plaintiffs who have filed a federal cause of action in state court to amend their complaint to exclude their federal claim after the defendant removes the action to federal court. *Baddie v. Berkeley Farms, Inc.*, 64

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 19-10631-DMG (ASx) | Date | March 11, 2020 |
|---|---|---|---|
| Title | *Liliana Vallejo, et al. v. General Motors, LLC, et al.* | Page | 5 of 5 |

F.3d 487, 491 (9th Cir. 1995). Since this is the exact situation at bar, Plaintiffs are within their rights to omit their Magnuson-Moss Act claim from the FAC to defeat federal question jurisdiction. It follows that, because there is no federal claim in the FAC, the Court also lacks supplemental jurisdiction over all the state-law claims. *Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) ("[S]upplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it.").

### III.
### CONCLUSION

In sum, there are no claims over which the Court has federal question or supplemental jurisdiction, and Defendants have not shown by a preponderance of the evidence that the amount in controversy is sufficient to give rise to diversity jurisdiction. The Court therefore **GRANTS** the MTR and remands this action to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**